24 F.3d 248
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Timothy Jon ROBLES, Petitioner-Appellant,
v.
Bryn ARMSTRONG, Chairman, State of Nevada Parole Board & The
Nevada State Board of Parole Commissioners,
Respondent-Appellee.
 No. 93-35654.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 2, 1994.*
Decided May 5, 1994.
 
 Before: ALARCON, NORRIS and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Timothy Jon Robles appeals from the dismissal of his petition for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254. We affirm the district court's dismissal for lack of jurisdiction.
 
 Section 2254(a) states:
 
 3
 The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.
 
 
 4
 28 U.S.C. Sec. 2254(a) (emphasis added). Robles is not, at this time, in custody pursuant to a state court judgment. Rather, he is currently on federal parole. Robles asks this court to shorten his federal parole period on the basis that the state parole board twice denied him parole, thus causing "his supervision by the federal court ... [to] extend past the time when it otherwise would have terminated."
 
 
 5
 The remedy sought by Robles would affect a change in federal rather than state custody. Yet Robles' petition names state rather than federal officials. We have no authority to act against those over whom we have no personal jurisdiction. See ESP Fidelity Corp. v. Department of Hous. and Urban Dev., 512 F.2d 887, 890 (9th Cir.1975) (this court lacks authority to act against defendants who "have not been named parties ... and have not been served"). Furthermore, we lack subject matter jurisdiction under 28 U.S.C. Sec. 2254 to address a challenge to federal custody.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3